[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 13, 2006
THOMAS K. KAHN
CLERK

No. 05-14778

_____

D. C. Docket No. 03-00028-CR-CAR-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PETER LAWRENCE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(November 13, 2006)**

Before CARNES, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Peter Lawrence appeals his conviction for one count of possession with intent to distribute more than 20 grams of cocaine base, in violation of 21 U.S.C. §§ 841 (a)(1) and (b)(1)(B)(iii), which arose from events occurring in July 2003, and one count of possessing with intent to distribute more than 5 grams of a mixture containing cocaine base, in violation of the same code provisions, which arose from events occurring in August 2004.

Lawrence attacks the conviction on each count. After studying the briefs and the pertinent parts of the record and hearing oral argument, we are convinced that each conviction is due to be affirmed. Lawrence's arguments about his conviction on the first count raise an interesting issue about whether there is a community caretaker or emergency aid exception to the requirement of a search warrant before officers may enter a dwelling. But we do not need to decide that issue, because even if we decided that there is no such exception or that any which exists does not apply to the facts of this case, the conviction would still be due to be affirmed. We would affirm it anyway under the harmless error rule for two reasons.

First, as the district court explained, if all of the information the officers learned from entering the apartment before they had a warrant is redacted from the affidavit, there was still enough information in the affidavit to provide probable

cause for issuance of the search warrant.

Second, even if all the evidence obtained from the search pursuant to the warrant is itself excluded, Lawrence's guilt was still proven by overwhelming evidence. While Lawrence was fleeing the officers, he threw down a large bag containing 70 smaller bags each of which held a quantity of cocaine base. He also had on his person a digital scale of the type used to weigh illegal drugs for packaging and sale. The evidence relevant to illegal drug activities that came from the search of the apartment and was introduced at trial included cocaine residue, one marijuana bag, and various drug paraphernalia, including a box for the digital scale, an additional scale, a straight razor blade, and a supply of plastic bags (all empty) like the ones Lawrence had discarded earlier while he was being chased. No appreciable quantity of cocaine base or other illegal drug was found there. The items found in the apartment were not nearly as incriminating as the drugs divided into 70 resale packages and the actual digital scale that Lawrence had been carrying when he was chased and arrested. We are convinced beyond a reasonable doubt that the jury would have convicted Lawrence even if there had never been a walk through or a search of the apartment.

As to the issues involving the traffic stop and pat down search in August of 2004, which led to the conviction on count 2 of the indictment, we are persuaded

from the totality of the circumstances that the officer had reasonable suspicion to justify his pat down of Lawrence and that the pat down and resulting seizure comported with the "plain feel" exception articulated in <u>Minnesota v. Dickerson</u>, 508 U.S. 366, 113 S. Ct. 2130 (1993).

AFFIRMED.